IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH G. DOWDELL,

    Plaintiff,                              No. 2:11-cv-00409 JAM KJN PS

    v.

SACRAMENTO HOUSING &
REDEVELOPMENT AGENCY (SHRA)
AGENTS &. AGENCY'S, et al.

    Defendants.                      ORDER and FINDINGS AND
                                                        RECOMMENDATIONS
_____/

        Plaintiff, who is proceeding without counsel, filed his complaint on February 14, 2011.[1] (Dkt. No. 1.) Presently before the court is plaintiff's application to proceed in forma pauperis. (Dkt. No. 2.) For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but recommends that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

I.    Plaintiff's Application to Proceed In Forma Pauperis

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

§§ 1915(a)(1) and 1915(2).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards.  Under the notice pleading standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010).  A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty.

1  Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The
2  court accepts all of the facts alleged in the complaint as true and construes them in the light most
3  favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is
4  "not, however, required to accept as true conclusory allegations that are contradicted by
5  documents referred to in the complaint, and [the court does] not necessarily assume the truth of
6  legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559
7  F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading
8  liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in
9  the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that
10 the plaintiff can correct the defect.  See Lopez, 203 F.3d at 1130-31.

II.     Screening of Plaintiff's Complaint

Generally, plaintiff's complaint relates to his attempted participation in the Conventional Public Housing Program and his interactions with defendant Sacramento Housing and Redevelopment Agency.  Although plaintiff's complaint is unclear in several respects, it is clear that the basis for federal subject matter jurisdiction asserted by plaintiff is federal question jurisdiction.  See 28 U.S.C. § 1331.  Plaintiff asserts jurisdiction on the basis of allegations of fraud by local agency personnel, and plaintiff seeks relief for violations of 18 U.S.C. § 1001.

As plaintiff acknowledges in his complaint, 18 U.S.C. § 1001 is a federal criminal statute that punishes, in essence, fraudulent statements or entries made in the context of a matter within the executive, legislative, or judicial branches.[2]  Although it appears that the Ninth Circuit

---

[2] Section 1001 provides:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully–
>
>    (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

3

1  Court of Appeals has not addressed whether Section 1001 confers an express or implied private

2  right of action, myriad other courts throughout the nation have persuasively concluded that

3  Section 1001 does not provide an express or implied right of action.  Fed. Savings & Loan Ins.

4  Corp. v. Reeves, 816 F.2d 130, 137 (4th Cir. 1987) (holding that 18 U.S.C. § does not imply a

5  private right of action); Abou-Hussein v. Gates, 657 F. Supp. 2d 77, 81 (D.D.C. 2009)

6  ("[P]laintiff's claims of fraud or false statements under 18 U.S.C. § 1001 and conspiracy under

7  18 U.S.C. § 241 are also barred because these criminal statutes do not expressly create a private

8  right of action upon which plaintiff may sue defendants."); see also Vertkin v. Vertkin, No. 07-

9  4471 SC, 2007 WL 4287512, at *2 (N.D. Cal. Dec. 6, 2007) (unpublished); Barch v. State of

---

> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.
>
> (b) Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.
>
> (c) With respect to any matter within the jurisdiction of the legislative branch, subsection (a) shall apply only to--
>
> (1) administrative matters, including a claim for payment, a matter related to the procurement of property or services, personnel or employment practices, or support services, or a document required by law, rule, or regulation to be submitted to the Congress or any office or officer within the legislative branch; or
>
> (2) any investigation or review, conducted pursuant to the authority of any committee, subcommittee, commission or office of the Congress, consistent with applicable rules of the House or Senate.

18 U.S.C. § 1001.

Haw. Dep't of Labor & Indus. Relations, Civ. No. 04-00712 SOM/BMK, 2006 WL 3078933, at *3 (D. Haw. Oct. 26, 2006) (unpublished); Vasile v. Dean Witter Reynolds Inc., 20 F. Supp. 2d 465, 478 (E.D.N.Y. 1998); United Sates v. Richard Dattner Architects, 972 F. Supp. 738, 744 n.3 (S.D.N.Y. 1997); Hall v. Richardson, No. CIV-95-1907-PHX-ROS, 1997 WL 242765, at *3 (D. Ariz. Feb. 21, 1997) (unpublished); Johnson v. Cullen, 925 F. Supp. 244, 251 (D. Del. 1996); Short v. Richardson, No. CS-95-0317-WFN, 1995 WL 810023, at *5 (E.D. Wash. Nov. 21, 1995) (unpublished); Tawpash v. Dep't of Army, No. C 93-1506 BAC, 1993 WL 411702, at *1 (N.D. Cal. Oct. 6, 1993) (unpublished); Williams v. McCausland, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992). Because Section 1001 does not provide a private cause of action, plaintiff's claims premised on that criminal statute should be dismissed with prejudice. Without those claims, this court lacks subject matter jurisdiction over plaintiff's remaining claims, and this action should be dismissed with prejudice.[3]

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

It is FURTHER RECOMMENDED that plaintiff's complaint be dismissed with prejudice pursuant to the court's screening authority provided in 28 U.S.C. § 1915(e)(2)(B).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on

---

[3] Plaintiff appears to allege some state law claims regarding the uninhabitable nature of his current dwelling. To the extent that these claims were brought pursuant to this court's supplemental jurisdiction, 28 U.S.C. § 1367(a), the undesigned recommends that the court not exercise discretion to hear these claims.

5

all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: March 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE